**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL GONZALEZ-RAMIREZ, | No. 11-71759 |
| Petitioner, | Agency No. A092-172-236 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Miguel Gonzalez-Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand based on ineffective assistance of counsel, and dismissing his appeal from

an immigration judge's ("IJ") removal order.  Our jurisdiction is governed by 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Gonzalez-Ramirez's challenge to the IJ's reliance on the Form I-213, Record of Deportable Alien, because he failed to raise the issue before the BIA and thereby failed to exhaust his administrative remedies. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to review contentions not raised before the BIA).

We also lack jurisdiction to review the agency's denial of cancellation of removal as a matter of discretion.  *See* 8 U.S.C. § 1252(a)(2)(B)(i).

The BIA did not abuse its discretion by denying Gonzalez-Ramirez's motion to remand where he failed to establish prejudice from his counsel's alleged ineffective assistance.  *See Mohammed*, 400 F.3d at 793-94 (to prevail on an ineffective assistance of counsel claim, petitioner must show that counsel's actions may have affected the outcome of the proceedings).

In light of our disposition, we need not address Gonzalez-Ramirez's claim regarding compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**